IN THE MATTER OF S, A CANDIDATE FOR ADMISSION TO THE BAR.

Decided January 6, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

PER CURIAM.

This is an application in person by a candidate for admission to the bar, for credit of service as a law student from February, 1940, to March, 1941, although the certificate of commencement of clerkship required by rule 5-e was not filed with the clerk "at the commencement of the office clerkship" nor indeed at any time. Specifically, the present application is for leave to file such certificate *"nunc pro tunc."*

We are now asked to disregard the emphatic language of rule 5-e, adopted in its present form after full discussion and careful consideration, which reads as follows: "No office clerkship shall be deemed to have commenced until such certificate shall have been filed as aforesaid; and the period of office clerkship shall be computed from the *actual filing* of such certificate and not otherwise." (Italics ours.) This rule is based on important considerations of public policy: in particular, to apprise the public at the outset, of the fact of candidacy and thereby to afford opportunity of making timely objection to that candidacy on proper grounds, before completion of the three years' clerkship.

The applicant is entitled to credit for office clerkship only "from the actual filing of such certificate and not otherwise." The present application is therefore denied. As to the suggestion that applicant was not acquainted with the rule, the simple answer is that it is in plain type and that "he may run that readeth it."